KRISTIN CULLENEY *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 182131

Memorandum filed June 17, 1975

*Kristin Culleney,* pro se, the plaintiff.

*Robert K. Killian,* attorney general, and *Thomas J. Daley,* assistant attorney general, for the defendant.

McCARTHY, J. This is an appeal from the decision of the unemployment commissioner, affirming the administrator's denial of benefits. This court's function in considering this appeal is limited to the determination of whether the unemployment commissioner acted unreasonably, arbitrarily or illegally. *Lanyon* v. *Administrator,* 139 Conn. 20, 28.

The court is bound by the findings of subordinate facts and reasonable conclusions made by the commissioner; the court will not try the matter de novo. Practice Book § 435; *Bartlett* v. *Administrator,* 142 Conn. 497, 505; *Carper* v. *Administrator,* 139 Conn. 515, 520. The narrow issue thus presented in the instant case is whether the commissioner acted arbitrarily or illegally in concluding that, as an unclassified state employee holding a position as an "intermittent claims interviewer," the plaintiff is ineligible for unemployment benefits.

In order for an unemployed person to be eligible for benefits, he or she must have been employed in an occupation or position within the statutory coverage of the act, for not all workers are covered. General Statutes § 31-222 (a) (5) (D) (2) excludes "service performed in the employ of this state by employees in the unclassified service in the positions listed in section 5-198; except such employees listed in section 5-198 who hold permanent full-time, full-year positions of a subordinate, administrative, clerical or maintenance nature." Section 5-198 states that "the offices and positions filled by the following-described incumbents shall be exempt from the classified service: . . . (s) Persons filling positions expressly exempted by statute from the classified service." The plaintiff clearly comes within that category, as a person filling a position "exempted by statute from the classified service," since she was hired pursuant to § 5-235 (d). Inter alia, that statute provides that "[i]ntermittent employees shall not be considered permanent employees and shall receive only such rights and benefits as may be expressly prescribed by the personnel policy board."

Consequently, "intermittent employees," having only such rights and benefits as prescribed by the personnel policy board, and being by statutory

definition nonpermanent employees, are not within the classified service and cannot qualify for unemployment benefits, unless specifically empowered to do so. The personnel policy board has not granted such employees the right to receive unemployment benefits. Thus, § 31-222 (a) (5) (D) (2) excludes the plaintiff from eligibility, because she was an employee in the unclassified service and by definition nonpermanent. The commissioner's conclusion of ineligibility is thus reasonable and must stand.

As regards the issue of equal protection, a legislature need not act on an all-or-nothing basis when it enacts regulatory measures, especially when taxation is concerned. The United States Supreme Court upheld the numerous exceptions to unemployment act coverage in its landmark decision of *Carmichael* v. *Southern Coal Co.*, 301 U.S. 495. "Where the public interest is served one business may be left untaxed and another taxed, in order to promote the one . . . or to restrict or suppress the other." Id., 512. The court held that it was within the discretion of the legislature as to which employers and employees should be covered insofar as agricultural laborers, domestic servants, seamen, insurance agents, close relatives, charitable institutions, interstate railways, the United States government and any state or political subdivision are involved. The inclusion or exclusion of the above-cited groups was not arbitrary or in violation of the fourteenth amendment.

In the instant case, there is no "invidious" or "inherently suspect classification" (e.g. sex, race, nationality). The distinction made between "intermittent employees" and permanent or classified service employees, insofar as eligibility for unemployment benefits is concerned, is not patently irrational or unreasonable. Certainly the state has a rational interest in being able to administer its laws effi-

ciently and at as low a cost as possible, in order that public moneys be preserved. The legislature by its enactment of § 5-235 (d) was aware of the state's need to hire temporary personnel when governmental workloads peaked. By definition the employment was to be temporary and intermittent; the termination of such personnel was both certain and predictable. The legislature in its wisdom chose to lessen the state's financial burden by exempting such personnel from unemployment benefits eligibility. Clearly the state should not be compelled to choose between hiring needed temporary personnel, with full state employee benefits and eligibilities, and not hiring such personnel at all. It cannot be unconstitutional for a state to govern within its budget.

Appeal dismissed.